IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00461-WDM

DEBRA JOHNSON,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Miller, J.

Claimant Debra Johnson (Johnson) appeals a final administrative decision by Defendant Jo Anne B. Barnhart (the Commissioner) finding that she is not disabled within the meaning of the Social Security Act.

### Background

Johnson is forty-nine years old, and has the equivalent of a high school education. She has worked in the past as a deli worker, cashier, daycare worker, stocker, and cook's helper.

1.    Medical History

Johnson claims that she became disabled on September 31, 2002, due to back, leg, and hip pain, headaches, and mental problems. Although not the cause of all of Johnson's medical problems, major events in her medical history include a slip and fall at work in March of 2002, and a car accident in May of 2003.[1]

---

[1] Johnson was apparently in a stopped car that was rear-ended.

Since her fall in 2002, Johnson's main physical ailment has been severe back pain, which has been noted by several examining physicians. One of these physicians, Dr. Robert Fromcheck, diagnosed her with cervical, lumbar, and thoracic sprains, and lumbar radiculopathy. (R. at 288) Following an MRI, another physician, Dr. Yvette Martinez, diagnosed mild to moderate facet degeneration, mild disc bulges, a flattening of the thecal sac, and minimal focal stenosis. (R. at 279)

In addition to her physical ailments, Johnson has also been diagnosed with mental problems. On October 22, 2002, a state agency psychiatrist[2] diagnosed Johnson with depression. (R. at 116) Similarly, on November 15, 2003, Johnson was diagnosed with "major depressive disorder, chronic with occasional psychotic features," and "personality disorder NOS."[3] (R. at 263)

Finally, Johnson's medical records also indicate some problems with headaches and knee pain.

2.  Procedural History

On June 26, 2002, Johnson submitted an application to the Social Security Administration for disability insurance benefits claiming that she was disabled. After this application was denied on initial review, she requested and received a hearing before an Administrative Law Judge (ALJ) on February 10, 2005. Following this hearing, the ALJ issued a decision finding that Johnson is not disabled because she is able to perform light work which is not complex but may require full attention to detail, allowing her to perform

---

[2] Although the Commissioner describes this doctor as a psychiatrist, this is not clear from the actual records, which simply identify the doctor as an M.D. (R. at 129)

[3] Again, the qualifications of the doctor who performed this examination are not clear. The treatment records simply identify him as an M.D. (R. at 264)

2

some of her past work.

On July 11, 2005, Johnson requested a review by the Social Security Appeals Council, and asked that they consider new evidence not presented to the ALJ. The Appeals council did consider the new evidence, but nonetheless denied Johnson's request for a review of the ALJ's decision. (R. at 9-12)

## Standard of Review

I review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence in the record as a whole and whether she applied the correct legal standards. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The commissioner must apply the correct legal standard, and must provide the court with a sufficient basis to determine that appropriate legal principles were followed. *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993).

## Discussion

The Secretary has established a five-step evaluation process to determine whether a claimant is disabled for purposes of the Social Security Act. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing [her] past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992).

1.      Summary of the ALJ's opinion

The determinative step of the five-step process in this case was step five.  In the first stage, the ALJ found without discussion that Johnson had past relevant work experience as a cook's helper, daycare worker, deli worker, cashier/checker, and stocker.  Similarly, in stage two, the ALJ found without discussion that Johnson's psychotic disorder, depression, and back problems all represented severe impairments.  Then, in step three, after a detailed discussion, the ALJ found that Johnson did not meet the criteria in the listings for any of these impairments.  In step four, the ALJ first explained why he did not find Johnson's subjective complaints very credible.  Then he determined that she retained the RFC to perform light work (maximum lifting of no more than twenty pounds, frequent lifting of no more than ten pounds) which is not complex but may require full attention to detail.  And finally the ALJ concluded that this RFC allowed Johnson to perform her past work as a deli worker, cook's helper, and cashier.

2.      Treating Physicians' Opinions

Johnson's argues that remand is required because the ALJ failed to demonstrate proper consideration of two treating physicians' opinions.  Indeed, there is no dispute that Dr. Yvette Martinez and Dr. Robert Keeley are treating physicians.  Nonetheless, the ALJ's opinion, fails to demonstrate that he considered all of the proper factors with regard to Dr. Martinez's opinion, and it fails to demonstrate that the ALJ even realized that Dr. Keeley was a treating physician.

      a.      The Treating Physician Rules

The Social Security Administration has developed a very structured analytical framework that an ALJ must follow when determining how much weight to give to any

4

medical opinion.  First, the ALJ must decide whether the opinion comes from a treating source.  A treating source is either a physician or a psychologist who has an ongoing treatment relationship with the applicant.  20 C.F.R. § 404.1502.  If so, then ALJ must determine whether the opinion is entitled to controlling weight.  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  The Tenth Circuit has explicitly described how an ALJ must analyze a treating doctor's opinion:

> An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.  The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight.

*Id.*  Even if a treating source opinion is not entitled to controlling weight, an ALJ cannot simply reject the opinion; it is still entitled to deference.  *Id.*  In order to determine how much deference, the ALJ must consider all of the following six factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  *Id.* at 1300-01; *see also* 20 C.F.R. §§ 404.1527(d)(2)-(6) & 416.927(d)(1)-(6)).

The ALJ's decision must always demonstrate consideration of the proper factors, *Robinson v. Barnhart*, 366 F.3d 1078 (10th Cir. 2004) (remanding because the ALJ's

opinion failed to demonstrate that he considered the proper factors in determining what weight to give to a physician's opinion); *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993) (noting that meaningful review requires that the ALJ articulate the basis for his decision with sufficient detail to allow a reviewing court to determine that he followed the appropriate legal principles); *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) ("Where the record on appeal is unclear as to whether the ALJ applied the appropriate standard . . . the proper remedy is reversal and remand."). Moreover, the ALJ must also be sufficiently specific to make it clear to any subsequent reviewers what weight the ALJ gave to the treating source opinions and the reasons for that weight. *Watkins*, 350 F.3d at 1300. If the ALJ rejects the treating source opinion completely, he must give "specific, legitimate reasons" for doing so. *Id.*

  b. Dr. Martinez

Dr. Martinez opined in February of 2005 that Johnson is not able to continuously sit, stand, or walk for more than one hour, she is limited to lifting objects weighing less than ten pounds, she cannot sit for more than thirty to sixty minutes a day, she cannot push or pull, and she is not able to sustain full time employment. (R. at 283-84) The ALJ specifically recognized the first three of these opinions, noted that Dr. Martinez was a treating physician, and also noted that in some situations, a treating physician's opinion is entitled to controlling weight.

The ALJ did not, however, demonstrate consideration of all of the factors listed above. In particular, aside from recognizing Dr. Martinez as a treating physician, the ALJ's opinion does not indicate that he specifically considered the nature and extent of the treatment relationship. Further, he did not discuss the frequency of examinations, the

6

consistency between Dr. Martinez's opinions and the record as a whole, or whether or not Dr. Martinez is a specialist.  Finally, although the ALJ made it clear that Dr. Martinez's opinions would not receive controlling weight, he did not attempt to explain what lesser weight they would receive.  This is directly contrary to clear Tenth Circuit precedent. *Watkins*, 350 F.3d at 1300.  Therefore, I must remand for reconsideration of Dr. Martinez's opinions.

    c.    <u>Dr. Keeley</u>

The record contains notes from at least four examinations performed by Keeley — which appears to be the most examinations by any physician involved in this case.  On September 8, 2003, Dr. Keeley opined that Johnson was disabled such that she could not work at any job for a period of twelve months or more.  (R. at 244)  The ALJ clearly rejects this opinion.  However, the ALJ does not demonstrate that he even recognized that Dr. Keeley was a treating physician.  Moreover, the ALJ's opinion does not demonstrate that he considered all of the factors that would apply whether Dr. Keeley were a treating physician or not.  Finally, the ALJ does not explain what lesser weight he gave to Dr. Keeley's opinion — again a clear error under *Watkins*, 350 F.3d at 1300.  Therefore, I must remand for reconsideration of Dr. Keeley's opinions.[4]

Finally, I note the Commissioner's argument that the ALJ is not required to mechanically discuss each and every factor when considering medical opinions, and that it would be overly burdensome to require such detail.  I agree that a detailed discussion of each factor is not required, but as discussed above, Tenth Circuit precedent is clear that

---

[4] It appears that Dr. Keeley's handwritten treatment notes are mostly illegible.  If the ALJ cannot decipher these notes, he has a duty to re-contact Dr. Keeley for clarification.

the ALJ must *demonstrate* consideration of all of the proper factors. When this standard is properly understood, it is not overly burdensome to acknowledge the factors listed in 20 C.F.R. § 1527(d) and provide some discussion of at least some of the most determinative factors.

3.     Other Issues

Johnson also argues that the Social Security Appeals Council erred in its treatment of the new medical evidence she submitted for the first time in her request for review. Specifically, Johnson argues that the appeals council must demonstrate consideration of the proper factors regarding medical opinions in the same way that an ALJ must. However, given my finding that this case must be remanded for reconsideration, I need not decide the merits of this issue. Upon remand, the ALJ should fully review this new evidence, and consider its impact on his earlier findings.

Finally, Johnson argues that the ALJ's stage four determination is inadequate because he fails to determine the specific demands of her past cashier job. In support, Johnson cites *Winfrey v. Chater*, 92 F.3d 1017, 1024-1026 (10th Cir. 1996) (remanding in part because the ALJ did not inquire into, or make specific findings regarding the demands of claimant's past work, and he abdicated to the vocational expert his duty to determine whether the claimant can meet these demands). However, in *Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003), the Tenth Circuit indicated that merely quoting the vocational expert's (VE) testimony with approval does not indicate that the ALJ abdicated his duties. Rather, it indicates that the ALJ finds the VE's testimony credible and consistent with his own findings. *Id.*

In this case, when considering whether Johnson could perform the demands of her past work as a cashier, the ALJ merely noted that the VE testified that cashier jobs are light in exertion. Although this may indicate approval of the VE's testimony, and thus be sufficient under *Doyal*, the ALJ's intent is not entirely clear. Therefore, I would suggest that upon remand, the ALJ should provide a more detailed explanation of his findings regarding the demands of Johnson's past work, and whether she can meet those demands.

### Conclusion

Based upon my review of the record in this case, I find that the ALJ failed to demonstrate that he considered all of the proper factors regarding Dr. Martinez and Dr. Keeley's opinions. Accordingly, the determination that Johnson is not disabled is reversed and this matter is remanded for proceedings consistent with this opinion.

DATED at Denver, Colorado, on March 22, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge